IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMIE L. MILLER                                                                                          PLAINTIFF

V.                                                                                           NO.:  1:15CV42-SA-SAA

COUNTY OF CHOCTAW, et al.                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff, inmate no. 124687, proceeding *pro se* and *in forma pauperis*, filed this complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants unlawfully seized his personal property and ordered him to pay illegal court costs.  Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

**Screening Standards**

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA").  *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).  Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b).

**Discussion**

In this action, Plaintiff seeks relief that is not currently available to him. A prisoner cannot use § 1983 to obtain money damages where his success in the suit would imply the unlawfulness of his conviction or sentence, unless that conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Plaintiff complains that Defendants seized his personal property and ordered him to pay illegal fees to the Circuit Court of Choctaw County, Mississippi. Documents attached to Plaintiff's complaint demonstrate, however, that Plaintiff was notified of the seizure of his property following his arrest for possession of cocaine as a subsequent offender. *See* ECF No. 1, p.6.[1] These documents also demonstrate that Plaintiff was ordered to pay court costs in Choctaw County Circuit Court Criminal Cause No. 2014-021-CR, following his conviction for possession of cocaine. *See id.* at pp. 7-8.

The actions Plaintiff complains of arise out of his arrest and conviction for a crime. Plaintiff has not suggested, much less demonstrated, that his conviction has been overturned, and success in the instant action would necessarily imply the invalidity of the proceedings against him in Choctaw County, Mississippi. Therefore, Plaintiff does not have a cause of action in § 1983 related to his criminal conviction in Choctaw County until that conviction or sentence has

---

[1] Mississippi authorizes the seizure and forfeiture of personal property seized in conjunction with violations of the State's controlled substances laws. *See* Miss. Code Ann. 41-29-153.

been invalidated.  *See Heck*, 512 U.S. at 489-90.

Accordingly, the instant complaint is **DISMISSED WITH PREJUDICE** as frivolous to its being asserted again until the *Heck* conditions are met.  *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir.2007) (quoting *Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir.1996)).

**SO ORDERED**, this the 16th day of April, 2015.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**